

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

SUNTRUST MORTGAGE, INC.,

    Complainant,

v.

OLD SECOND NATIONAL BANK,

    Defendant.

Civil Action No. 3:12CV099

## COMPLAINT

Complainant, SunTrust Mortgage, Inc. ("SunTrust"), by counsel, recites the following facts and allegations in support of its Complaint against Old Second National Bank ("Old Second");

## NATURE OF ACTION

1. SunTrust agreed to fund mortgage loans brokered by Old Second pursuant to the terms of a Correspondent Loan Purchase Agreement ("Agreement"). SunTrust then resold the loans to investors, including the Federal National Mortgage Association ("Fannie Mae") and the Federal Home Loan Mortgage Corporation ("Freddie Mac").

2. Old Second has an obligation to indemnify SunTrust or repurchase loans upon the occurrence of certain events. Old Second has breached its indemnification and repurchase requirements, as stated under the Agreement, and SunTrust seeks to recover losses occasioned by Old Second's breach of contract.

## PARTIES

3. Complainant SunTrust is a Virginia corporation duly authorized to conduct business in the Commonwealth of Virginia, with its principal place of business in Richmond, Virginia.

4. Upon information and belief, Defendant Old Second was at all relevant times herein an Illinois corporation, with its principal place of business in St. Charles, Illinois.

## JURISDICTION AND VENUE

5. Jurisdiction is proper under 28 U.S.C. § 1332(a) based upon diversity of citizenship between the parties and an amount in controversy in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(a) based upon a Correspondent Loan Purchase Agreement entered into between SunTrust and Old Second on or about March 22, 2007 wherein the parties submit to the personal jurisdiction of the United States District Courts sitting in Virginia, and agree that venue is proper before the United States District Court for the Eastern District of Virginia, Richmond Division.

## BACKGROUND FACTS

7. On or about March 22, 2007, SunTrust and Old Second entered into a Correspondent Loan Purchase Agreement, whereby Old Second agreed to sell, and SunTrust agreed to purchase, on a servicing released basis, residential loans as set forth in SunTrust's Correspondent Seller Guide and governed by the Agreement. See, Exhibit 1.

8. Paragraph 22 of the Agreement states that, among other things, Old Second will indemnify SunTrust against "any and all claims, losses, damages, fines, penalties,

forfeitures, attorney's fees, judgments and any costs, court costs, fees and expenses" relating to, or arising from, the breach of any representation, warranty, term, condition or obligation contained in either the Agreement or elsewhere, or for any materially inaccurate, incomplete, false or misleading information provided by or through Old Second to SunTrust.

9. Among other things, Old Second warrants to SunTrust, in paragraph 17 of the Agreement:
    a. Each mortgage loan would be a valid and binding obligation of the borrower;
    b. It was the sole owner of the mortgage loan;
    c. The loan was eligible under the applicable loan program;
    d. It complied with all federal, state and local laws;
    e. There is a valid policy of title insurance in place on the mortgaged property; and
    f. The mortgage loan constitutes an acceptable investment to private institutional investors and that no conditions exist which affect the mortgage loan's marketability.

10. SunTrust has the non-exclusive right, pursuant to paragraph 20 of the Agreement, to require a repurchase of the loan obligation upon the occurrence of the following events:
    a. Breach of warranty or representation;
    b. Failure to timely deliver post closing documents;
    c. Any information submitted to SunTrust by Old Second proves incomplete, inaccurate, false, or misleading in any material respect at the time the statement was made, regardless of whether Old Second had, or should have

had, any knowledge at the time the information was submitted – "without limitation, any information in any loan application submitted by any Borrower any appraisal or evaluation report; any credit report; any title search or title insurance policy; and any condominium or PUD warranties;"

d. Early payment delinquency; or

e. The loan is unmarketable.

11. SunTrust has made demand upon Old Second for repurchase of the loan and indemnification of losses, with which Old Second has not complied.

## Lawton 3042 Loan

12. On or before July 30, 2007, SunTrust acquired all the rights to the Lawton 3042 loan from Old Second.

13. The Lawton 3042 loan was subsequently sold to Fannie Mae by SunTrust.

14. On or about November 17, 2010, Fannie Mae demanded indemnification from SunTrust for the Lawton 3042 loan based upon its determination that the loan file contained inaccurate, false or misleading information regarding the borrower's income.

15. The borrower made substantially less than the amount stated on the loan application.

16. SunTrust's investigation also determined that the loan file contained inaccurate, false, or misleading information regarding the borrower's employment.

17. The borrower was not employed in the position stated on the loan application.

18. SunTrust concurred with Fannie Mae's review, and subsequently paid $36,856.90 to Fannie Mae as indemnification of its losses.

19. Had SunTrust known the loan application contained materially inaccurate, false or misleading information regarding the borrower's income and employment, it would not have purchased the loan.

## Santana 6947 Loan

20. On or before September 14, 2007, SunTrust acquired all the rights to the Santana 6947 loan from Old Second.

21. The Santana 6947 loan was subsequently sold to Fannie Mae by SunTrust.

22. On or about July 1, 2011, Fannie Mae demanded indemnification from SunTrust for the Santana 6947 loan based upon its determination that the loan did not have the required mortgage insurance coverage.

23. Mortgage insurance was rescinded by Republic Mortgage Insurance Company based upon its determination that the loan file contained inaccurate, false or misleading information regarding the borrower's income.

24. The borrower made substantially less than the amount stated on the loan application.

25. SunTrust concurred with Fannie Mae's review, and subsequently paid $115,968.49 to Fannie Mae as indemnification of its losses.

26. Had SunTrust known the loan application contained materially inaccurate, false or misleading information regarding the borrower's income, or that mortgage insurance would be rescinded, it would not have purchased the loan.

## FIRST CLAIM FOR RELIEF AGAINST OLD SECOND
## FOR BREACH OF CONTRACT OF INDEMNIFICATION

27. SunTrust restates and realleges paragraphs 1 – 26 as if set out in full.

28. The Agreement is a valid and enforceable contract binding upon the parties.

29. SunTrust substantially performed all of its obligations and duties under the Agreement when it purchased the loans from Old Second.

30. Old Second has breached the indemnification provision of the Agreement found at paragraph 22 by failing to indemnify SunTrust against losses incurred as a result of Old Second's breach of representations and warranties contained in paragraph 17 of the Agreement, as well as losses incurred due to materially inaccurate, incomplete, false or misleading information provided by Old Second to SunTrust.

31. The breach of the indemnification provision by Old Second has resulted in damages to SunTrust for money paid to its investors for the Lawton 3042 loan and the Santana 6947 loan.

## SECOND CLAIM FOR RELIEF AGAINST OLD SECOND FOR BREACH OF EXPRESS WARRANTY

32. SunTrust restates and realleges paragraphs 1 – 26 as if set out in full.

33. The Agreement is a valid and enforceable contract binding upon the parties.

34. SunTrust substantially performed all of its obligations and duties under the Agreement when it purchased the loans from Old Second.

35. Old Second has breached Warranty 17.3 of the Agreement, among other provisions, by selling loans that were not eligible for purchase under the loan programs offered by SunTrust.

36. Old Second has breached Warranty 17.11 of the Agreement by selling a loan which did not constitute an acceptable investment.

37. SunTrust has been damaged by the breach of contract committed by Old Second which has necessitated the indemnification of its investors as well as the repurchase from investors of the Lawton 3042 loan and the Santana 6947 loan.

## THIRD CLAIM FOR RELIEF AGAINST OLD SECOND
## FOR SPECIFIC PERFORMANCE

38. SunTrust restates and realleges paragraphs 1 – 26 as if set out in full.

39. The Agreement is a valid and enforceable contract binding upon the parties.

40. SunTrust substantially performed all of its obligations and duties under the Agreement when it purchased the loans from Old Second.

41. Pursuant to paragraph 20 of the Agreement, in addition to its other remedies, SunTrust may demand repurchase of certain mortgage loans by Old Second within 10 calendar days notice.

42. Old Second has breached the warranties and representations made at paragraph 20 of the Agreement for each loan herein referenced.

43. SunTrust, by and through its agents, has made repurchase demands, with which Old Second has not complied.

44. Under the Agreement, the repurchase price is calculated as the higher of (a) the unpaid principal balance or (b) the price paid by SunTrust (but not less than par), plus all accrued interest through and including the date of repurchase, together with expenses, court costs, legal and professional fees.

45. SunTrust has been required to indemnify as well as repurchase from investors of the Lawton 3042 loan and the Santana 6947 loan.

## RELIEF SOUGHT

Wherefore, Complainant SunTrust respectfully requests this Honorable Court to grant judgment in its favor and against the Defendant Old Second as more fully set forth below:

## FIRST CLAIM FOR RELIEF FOR BREACH OF CONTRACT OF INDEMNIFICATION

1. For general damages against Old Second, SunTrust requests indemnification in the amount of $152,825.39;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of Old Second which have given rise to the breach; and

3. For interest at the statutory rate.

## SECOND CLAIM FOR RELIEF FOR BREACH OF EXPRESS WARRANTY

1. For general damages against Old Second in an amount to be proven at trial, but which are not less than the sum of $152,825.39;

2. For actual attorney's fees, costs and expenses, in accordance with the Agreement, incurred as a result of, or arising from, the activities of Old Second which have given rise to the breach; and

3. For interest at the statutory rate.

## THIRD CLAIM FOR RELIEF FOR SPECIFIC PERFORMANCE

1. For an order charging Old Second to repurchase the Lawton 3042 loan and the Santana 6947 loan or in the alternative, for general damages against Old Second in the sum $152,825.39;

2. For actual attorney's fees, costs and expenses incurred herein, in accordance with the terms of the Agreement; and

3. For interest at the statutory rate.

Richmond, Virginia
February 8, 2012

                                          Respectfully Submitted,

                                          L. Scott Bruggemann
                                          VSB No. 42634
                                          e-mail: sbruggemann@wolfewyman.com
                                          Harijot S. Khalsa
                                          VSB No. 78682
                                          e-mail: hskhalsa@wolfwyman.com
                                          Wolfe & Wyman LLP
                                          901 E. Byrd Street, Ste. 1105
                                          Richmond, VA
                                          (804) 915-7556 (phone)
                                          (804) 417-4755 (fax)
                                          *Attorneys for SunTrust Mortgage, Inc.*