IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

SUNTRUST MORTGAGE, INC.,
               Plaintiff,

v.                                            Civil Action No. 3:12cv99-JAG

OLD SECOND NATIONAL BANK,
               Defendant.

## MEMORANDUM OPINION

This is a breach of contract action brought pursuant to the warranty, repurchase, and indemnification provisions of a mortgage-loan purchase agreement.   In 2007, the plaintiff, SunTrust Mortgage, Inc. ("SunTrust"), acquired a set of residential mortgage loans from the defendant, Old Second National Bank ("OSNB"), pursuant to a Correspondent Loan Purchase Agreement (the "Agreement").  (Compl., Ex. 1)  Under the Agreement and accompanying seller guide (the "Manual"[1]), OSNB guaranteed that the information it provided to SunTrust in connection with the sale was not incomplete, inaccurate, false, or misleading.[2]  (Agreement §§ 20.1.3, 21.3, 22.)  The Agreement also contained an indemnification clause.[3]  (Agreement § 22.)

---

[1] The Manual is the "SunTrust Mortgage Correspondent Seller Guide," a document incorporated by reference into the Agreement that contains the loan program terms as well as the underwriting guidelines applicable to the loans OSNB sold to SunTrust.

[2] Under Section 20.1.3 of the Agreement, OSNB is required to repurchase a loan if ". . . [a]ny information submitted by Seller [OSNB] or any statement, report or document furnished by Seller to Purchaser [SunTrust] hereunder was incomplete, inaccurate, false, or misleading in any material respect when made or delivered . . . .This includes, without limitation, any information in any loan application submitted by any Borrower . . ." (Agreement § 20.1.3.)

[3] Section 22 requires OSNB to indemnify SunTrust against "any and all claims, losses, damages, fines, penalties, forfeitures, attorney's fees, judgments and any costs, court costs, fees and

After SunTrust purchased the loans from OSNB, it resold them to investors such as Fannie Mae and Freddie Mac. SunTrust was later required to indemnify those investors when they discovered inaccuracies in the borrower's stated income on two of the loans.[4] Thereafter, SunTrust demanded that OSNB repurchase the loans and indemnify it against any losses; OSNB refused. On February 9, 2012, SunTrust filed a complaint (the "Complaint") against OSNB alleging three claims for relief: (1) breach of contract of indemnification, (2) breach of express warranty, and (3) specific performance.

The matter is now before the Court on the defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). OSNB asserts five independent bases for dismissal. All are without merit or inappropriate at this juncture. For the reasons stated herein, the Court will deny the defendant's motion to dismiss on all grounds.

The standard of review on a 12(b)(6) motion is well-established. A motion to dismiss for failure to state a claim upon which relief can be granted challenges the legal sufficiency of a claim, not the facts supporting it. Fed R. Civ. P. 12(b)(6); *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007). Thus, in deciding a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint, *Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007) (per curiam), as well as provable facts consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and view those facts in the light most favorable to the plaintiff. *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). Although a motion to dismiss challenges only the legal

---

expenses relating to, arising out of, based upon or resulting from (a) a breach by Seller of any representation, warranty, term, condition, or obligation contained in or made pursuant to the Manual, this Agreement or any other agreement between Seller and Purchaser relating to the purchase of Mortgage Loans . . . (c) any materially inaccurate, incomplete, false, or misleading information provided by or through Seller to Purchaser." (Agreement § 22.)

[4] The specific loans at issue are the Lawton 3042 Loan and Santana 6947 Loan.

sufficiency of a claim, Rule 8(a)(2) requires a plaintiff to allege facts that show that its claim is plausible. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n.3 (2007). As the Fourth Circuit has explained, "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557). The Court need not accept legal conclusions couched as factual allegations, *Twombly,* 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Ultimately, a complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

First, the defendant argues for dismissal on the grounds that the Agreement is unenforceable for lack of mutuality. Because SunTrust could modify any provision of the Agreement at any time, the defendant contends, the contract lacked mutuality of obligation. (*See* Agreement § 3.4.) In other words, OSNB claims that SunTrust's "unfettered discretion to change the terms" of the Agreement freed SunTrust from any obligation, thereby rendering it entirely one-sided and illusory. (Mem. on Mot. to Dismiss (Dk. No. 10) 9.) The Court disagrees. Even if the Agreement lacked mutuality at the outset, the parties' post-formation performance has made it enforceable. This exact issue was addressed previously by the Court in three cases involving the same SunTrust loan agreement. *See SunTrust Mortgage, Inc. v. Security First Bank*, 3:11-cv-704, Dk. No. 14 (Spencer, J.); *SunTrust Mortgage, Inc. v. Patriot Bank, d/b/a Bancplus Mortgage*, 3:11-cv-695, Dk. No. 15 (Payne, J.); *SunTrust Mortgage, Inc. v. Simmons First National Bank*, 3:12-cv-80, Dk. No. 12 (Gibney, J.). As such, for the reasons

stated in its April 6, 2012 memorandum opinion in *SunTrust Mortgage, Inc. v. Simmons First National Bank*, the Court finds the Agreement enforceable and denies OSNB's first argument for dismissal.

Second, the defendant claims that the Complaint fails as a matter of law because OSNB cannot be held liable for inaccuracies on certain loans which, by SunTrust's own policies in the Manual, "eliminate[d] the verification of income and assets." (*See* Mauck Decl., Ex.1 2.) As part of the Manual, SunTrust advertised various mortgage loan products for OSNB to offer to borrowers. One of those options, called the "Agency Shortcut Mortgage," permitted OSNB to rely, within reason and at their own peril, on the borrower's word as to their income. Here, the Lawton and Santana loans involved borrowers who lied about their incomes to OSNB. In offering the shortcut option to its borrowers, OSNB had sole contact with them, underwrote the loans, and had the ability to offer the full line of products as well as deny eligibility for certain ones. At no point did SunTrust prohibit OSNB from verifying any borrower information.[5] OSNB assumed the risks associated with the "stated income" loans when, as a sophisticated and experienced financial entity, it signed the Agreement. It cannot now shirk the risks and responsibilities for which it contracted. Regardless, this substantive issue is improper to consider on a Rule 12(b)(6) motion; the Court declines to dismiss the Complaint on such grounds.

Third, the defendant contends that SunTrust's first claim for "breach of contract of indemnification" duplicates its second claim for "breach of express warranty;" therefore, the second claim should be dismissed entirely. This argument defies Federal Rule of Civil

---

[5] OSNB claims that the Manual specifically prohibited it from verifying a borrower's self-reported income with respect to "Agency Shortcut Mortgages." (Mem. on Mot. to Dismiss 12-13.) The Court finds this claim wholly unsupported by the documents presently before it.

Procedure 8 and established jurisprudence on alternative pleading.[6]  In its first claim, SunTrust

alleges that OSNB breached section 22 of the Agreement by failing to indemnify SunTrust after

inaccuracies in the loan documents were discovered and SunTrust reimbursed its investors.

(Compl. ¶¶ 30-31.)  In the second claim, SunTrust alleges that OSNB breached Warranty 17.3

and 17.11 of the Agreement by selling loans to SunTrust with material inaccuracies.  (Compl. ¶¶

35-37.)  To be sure, the underlying facts of these claims are the same.  Moreover, duplicative

recovery is not allowed.  Yet, at least until the parties have been given an opportunity for

discovery, the plaintiff has the right to plead alternative theories of recovery based on entirely

separate provisions of the Agreement.  The Court declines to dismiss the plaintiff's breach of

contract claim at this juncture.

Fourth, OSNB contends that SunTrust engaged in "shotgun pleading" by combining two

independent claims for relief (the Lawton and Santana loans) into one breach of contract action,

violating Rule 8(a)(2).[7]  The defendant seeks dismissal of the first claim or, alternatively, a court

order that the plaintiff replead it with greater specificity and clarity.  Neither option is

appropriate.

---

[6] Rule 8(d) states: "*Alternative Statements of a Claim or Defense.* A party may set out two or
more statements of a claim or defense alternatively or hypothetically, either in a single count or
defense or in separate ones.  If a party makes alternative statements, the pleading is sufficient if
any one of them is sufficient." Fed. R. Civ. P. 8(d).

[7] Rule 8(a) states: General Rules of Pleading

> (a) Claim for Relief. A pleading that states a claim for relief must contain:
>   (1) a short and plain statement of the grounds for the court's jurisdiction, unless the
> court already has jurisdiction and the claim needs no new jurisdictional support;
>   (2) a short and plain statement of the claim showing that the pleader is entitled to relief;
> and
>   (3) a demand for the relief sought, which may include relief in the alternative or
> different types of relief.

Fed. R. Civ. P. 8(a).

Shotgun pleading is "[a] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading." *Lampkin-Asam v. Volusia County Sch. Bd.,* 261 F. App'x 274, 277 (11th Cir. 2008) (citing *Byrne v. Nezhat,* 261 F.3d 1075, 1128-29 (11th Cir. 2001)); *see also JPMorgan Chase Bank, N.A. v. Hayhurst Mortg., Inc.,* No. 10-21501-CIV, 2010 WL 2949573, at *2 (S.D.Fla. July 26, 2010). "Pleadings of this nature are prohibited by Rule 8(a)(2), which requires . . . 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Id.* (quoting Fed. R. Civ. P. 8(a)(2)); *see JPMorgan Chase Bank, N.A.,* 2010 WL 2949573, at *2 (noting that shotgun pleading can also violate Rule 10(b)). Here, the facts and allegations related to both loans are clearly presented and comply with the Federal Rules. While not made in its brief, any allegation by the defendant that the Complaint prevents a responsive pleading from being framed would be wholly disingenuous. *See* Fed. R. Civ. P. 12(e). The Complaint is a model of clarity that provides a short and plain statement of SunTrust's entitlement to relief. In actuality, splitting the loans into multiple claims would risk muddling the Complaint. As such, the Court will not dismiss the plaintiff's first claim for "shotgun pleading," nor will the Court order the plaintiff to replead.

Finally, the defendant argues for dismissal of the third claim for specific performance on the basis that such relief is only viable when money damages are inadequate. OSNB highlights the fact that the plaintiff seeks payment of money damages as to each of its claims, (*see* Compl. Relief Sought.), while simultaneously requesting specific performance as an additional remedy. (*See* Compl. ¶¶ 38-45.) The defendant is correct as to the general rule under Virginia law: a litigant who seeks specific performance must demonstrate the lack of an adequate remedy at law. *See City of Manassas v. Bd. of Cty. Sup'rs of Prince Williams Cty.,* 250 Va. 126, 132-33 (1995). On a motion to dismiss wherein the Court assumes all plausible allegations as true, however,

SunTrust has demonstrated the potential for an inadequate remedy at law.  Section 20 of the Agreement explicitly states that OSNB's repurchase obligation is "[i]n addition to any other rights and remedies which [SunTrust] may have against [OSNB]."  (Agreement § 20.)

In this case, the parties have engaged in sophisticated negotiation to contract for certain remedies.  Specific performance is particularly appropriate when a contract expressly calls for specific performance to remedy a breach.  *Vienna Metro LLC v. Pulte Home Corp.*, 786 F. Supp. 2d 1090, 1102 (E.D. Va. 2011) (citing *Hamlet v. Hayes*, 273 Va. 437, 641 S.E.2d 115, 118 (2007) (concluding that specific performance is a proper remedy for breach of a contract that explicitly provided for specific performance)).  As such, courts routinely grant specific performance after concluding that a defendant has breached its contractual obligations.  *See, e.g., Wooten v. Lightburn*, 579 F. Supp. 2d 769, 777-79 (W.D. Va. 2008) (granting specific performance of a contract to sell real property at a specified price per acre), *aff'd*, 350 Fed. Appx. 812 (4th Cir. 2009); *Haythe v. May*, 223 Va. 359, 288 S.E.2d 487, 489 (1982); *Thompson v. Commonwealth*, 197 Va. 208, 89 S.E.2d 64, 67-69 (1955).  While the Court makes no judgment as to the potential for recovery on multiple remedies, it declines to dismiss the plaintiff's specific performance claim at this time.  *See Chattin v. Chattin*, 245 Va. 302, 427 S.E.2d 347, 350 (1993) ("The decision whether to grant specific performance of a contract is a matter submitted to the sound discretion of the trial court.").

In conclusion, the Court finds that OSNB's claims for dismissal under Rule 12(b)(6) are insufficient.  The plaintiff has pled ample factual allegations to demonstrate a plausible claim and put the defendant on notice of the grounds for relief against it.  Accordingly, the Court will deny the defendant's motion to dismiss.

An appropriate order shall issue.

7

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

/s/
John A. Gibney, Jr.
United States District Judge

Date: May 10, 2012
Richmond, VA